**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 2 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NC VENTURE I, L.P., | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **B-02-189** |
| | § | |
| COWBOY TRAWLERS, INC., MARTIN | § | |
| RIVERA  , MARIA E. RIVERA and the | § | |
| F/V DALLAS COWBOYS, her engines, | § | |
| nets, tackle, apparel, and furniture, | § | |
| etc., *in rem,* | § | **IN ADMIRALTY** |
| **Defendants** | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW NC VENTURE I, L.P., Plaintiff herein, complaining of COWBOY TRAWLERS, INC., *in personam*, the owner of the named vessel, F/V DALLAS COWBOYS, her engines, nets, tackle, apparel, and furniture, etc. *in rem*, and MARTIN RIVERA and MARIA E. RIVERA, individually as guarantors, herein collectively referred to as Defendants, and for cause of action would respectfully show unto the Court the following:

I.

## PARTIES

1.     Plaintiff is a limited partnership, with an office and its principal place of business at 4100 Greenbriar, Suite 180, Stafford, TX, 77477.

2.     Defendant COWBOY TRAWLERS, INC., a Texas corporation, having its principal place of business in Cameron County, Texas, may be served with process by serving its registered agent for process Martin Rivera at 105 Calle Princesa, Brownsville, TX 78520.

3.      Defendant MARTIN RIVERA is an individual, resident of Cameron County, Texas, who may be served with process at his residence 105 Calle Princesa, Brownsville, TX 78520.

Defendant MARIA E. RIVERA is an individual, resident of Cameron County, Texas, who may be served with process at her residence 105 Calle Princesa, Brownsville, TX 78520.

4.      Defendant F/V DALLAS COWBOYS is a fishing vessel, believed to be wholly owned by Defendant COWBOY TRAWLERS, INC. On information and belief the F/V DALLAS COWBOYS is now or during the pendency of this action will be, within this District and which may be found for service of process and arrested at the docks on Anglers Road in the Shrimp Basin at the Port of Brownsville, Texas.

II.

## JURISDICTION AND VENUE

5.      This is a case involving admiralty and maritime jurisdiction within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction under 46 USC §31342 and 28 USC §1333.  The Defendant Vessel is, or will be, during the pendency of the process within this district and within the jurisdiction of this court.

III.

## FACTS OF THE CASE

6.      On or about the 15th day of July, 1980, Old Chap, Inc. (the prior owner of the Defendant vessel, F/V DALLAS COWBOYS) executed and delivered to the United States Small Business Administration (hereinafter sometimes referred to as "S.B.A."), a

when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of an interest on and all other sums payable, or stated to be payable, with respect to the note of the Old Chap, Inc. to lender dated 5/27/82 in the principal amount of $65,000.00 with interest at the rate of 7 3/8 per cent per annum...".

A copy of the SBA guaranty executed by MARTIN RIVERA and MARIA E. RIVERA is attached hereto as **Exhibit "C"** and incorporated by reference as if fully set forth at length.

11.    An Agreement for Assumption of Indebtedness was executed on or about the 26TH day of May, 1982 by Defendant, COWBOY TRAWLERS, INC., to assume the payment of the unpaid balance of the note and the indebtedness held by the S.B.A. Further, to secure the payment of said note, COWBOY TRAWLERS, INC. duly executed and delivered to the S.B.A. a modification of preferred mortgage dated May 30, 1986. True and correct copies of the Agreement for Assumption of Indebtedness and Modification are attached hereto as **Exhibit "D"** and incorporated herein by reference.

12.    On the 26th of February, 1986, COWBOY TRAWLERS, INC. modified the promissory note, said modification extending the maturity date of the loan to July 1, 2005. A copy of the modification is attached hereto as **Exhibit "E"** and incorporated herein as if fully set forth at length.

13.    On the 15th day of March 2001, the S.B.A. endorsed the Note payable to the order of the Plaintiff, NC Venture I, L.P. On the 19th day of March 2001, the S.B.A. assigned loan documents to NC VENTURE I, L.P. and executed an Amendment of Assignment of Loan Documents. Copies of the Note Endorsement, Assignment of Loan Documents and Amendment of Assignment of Loan Documents are attached hereto as **Exhibit "F"** and are incorporated herein as if fully set forth at length.

14.    The Defendants have defaulted in the payment of the Note.

15.    Plaintiff is the legal owner and holder of such note and the entity entitled to enforce it. Plaintiff has made presentment and formal written demand upon Defendants to pay the Note.  Defendants failed and refused to pay same and the Note, having matured and become due and payable by virtue of such default, has been placed in the hands of the undersigned attorneys for collection, agreeing to pay them attorneys' fees as provided in the Note.

16.    Defendants are indebted to Plaintiff in the principal amount of $10726.50 plus accrued interest in the amount of $2,821.51 and such interest as may accrue at the rate of ten (10%) percent until paid.

17.    Plaintiff has and claims a maritime lien against the Defendant vessel in the amount of the accelerated principal and interest due to date plus default interest as stated in the Note.

IV.

## ATTORNEYS' FEES

Plaintiff would further show the court that by reason of the Defendants' default and failure to cure their default upon demand, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recoup reasonable attorneys' fees in connection with the collection of said promissory note and foreclosure of its preferred mortgage.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

A. that process in due form of law according to the rules and practice of this court in causes of maritime and admiralty jurisdiction may issue against the vessel the F/V DALLAS

COWBOYS, her engines, tackle, etc., citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above;

B.  that process be issued against the Defendant COWBOY TRAWLERS, INC., Defendant Vessel and Defendant Guarantors named herein, and that said Vessel, her engine, tackle, apparel, etc. and all other necessaries thereunto belonging and appertaining, be condemned and sold to pay the demands and claims aforesaid with interest;

C.  that Plaintiff's claim be established as a maritime lien in the amount set forth above against the named Defendant Vessel;

D.  that Plaintiff recover the full amount of the indebtedness from the *in personam* defendant, COWBOY TRAWLERS, INC. and guarantors Defendant MARTIN RIVERA and Defendant MARIA E. RIVERA;

E.  that Plaintiff recover prejudgment and postjudgment interest as provided by the terms of the Note and law and costs of suit;

F.  that Plaintiff recover reasonable attorneys' fees; and

G.  for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

RENTFRO, FAULK & BLAKEMORE, L£P
185 E. Ruben M. Torres Sr. Blvd.
Brownsville, TX 78520-9136
(956) 541-9600-phone
(956) 541-9695-facsimile

T. MARK BLAKEMORE
SBN: 02431800 - Federal Admn. No. 1915

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

| | | |
|---|---|---|
| THE STATE OF TEXAS | | § |
| | | § |
| COUNTY OF FORT BEND | | § |

BEFORE ME, the undersigned authority, on this day personally appeared, Jerome Johnson, who, being by me first duly sworn, deposed and said:

"My name is Jerome Johnson. I am the _Asset MANAGER_ of N C Venture I, L.P., Plaintiff in the above and foregoing entitled and numbered action. In my capacity, I am familiar with the operations and billing records of N C Venture I, L.P. I have read the foregoing Complaint and the contents thereof are true and correct and within my own personal knowledge."

FURTHER AFFIANT SAITH NOT.



_____
Jerome Johnson

SWORN TO AND SUBSCRIBED BEFORE ME  by the said, Jerome Johnson, ASSET MANAGER _____ of N.C. Venture L.P. which witness my hand and seal of office this _20th_ day of September, 2002.

HOLLY HASSIALIS
MY COMMISSION EXPIRES
JULY 11, 2006

_____
Notary Public, State of Texas



U.S. SMALL BUSINESS ADMINISTRATION

| SBA LOAN NUMBER |
| --- |
| EIDL 427 528 2003 HAR |

**NOTE**
(FOR DISASTER LOANS ONLY)

Brownsville, Texas
(City and State)

$ 65,000.00                                    (Date)___JUL 1 5 1980_____, 19_____

For value received, the undersigned promises to pay to the order of _____

SMALL BUSINESS ADMINISTRATION
(Payee)

at its office in the city of ___P.O. Box 360, Denver___, State of ___Colorado_____

or at holder's option, at such other place as may be designated from time to time by the Holder or Small Business Administration

Sixty Five Thousand and No/100's——————————————————————————————————— dollars,
(Write out amount)

with interest on unpaid principal computed from the date of each advance to the undersigned at the Annual Percentage Rate, of

7 3/8    Percent per anum, payment to be made in installments as follows:

$   786.00                                    , including principal and interest, payable monthly, beginning

five (5) months from the date hereof; the balance of principal and interest to be paid in full _____

ten                    (  10  ) year(s) from the date hereof; with the further provision that each said installment

shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of the said agreements, in any affidavit or other documents submitted in connection with said application or the indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned, (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Act of 1898, as amended) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder,(5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

**EXHIBIT A**

Upon the nonpayment of the Indebtedness, or any part thereof, when due, whether by acceleration or otherwise, Holder is empowered to sell, assign, and deliver the whole or any part of the Collateral at public or private sale, without demand, advertisement or notice of the time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses incidental to or arising from such sale or sales, Holder may apply the residue of the proceeds thereof to the payment of the Indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. The undersigned waives all right of redemption or appraisement whether before or after sale.

Holder is further empowered, to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee. Whenever any item of the Collateral shall not be paid when due, or otherwise shall be in default, whether or not the indebtedness, or any part thereof, has become due, Holder shall have the same rights and powers with respect to such item of the Collateral as are granted in respect thereof in this paragraph in case of nonpayment of the Indebtedness, or any part thereof, when due. None of the rights, remedies, privileges, or powers of Holder expressly provided for herein shall be exclusive, but each of them shall be cumulative with and in addition to every other right, remedy, privilege, and power now or hereafter existing in favor of Holder, whether at law or in equity, by statute or otherwise.

The undersigned agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral; and regardless of any action taken by Holder, there shall be no duty upon Holder in this respect. The undersigned shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the Indebtedness or the administration, supervision, preservation, protection of (including, but not limited to, the maintenance of adequate insurance) or the realization upon the Collateral. Holder is authorized to pay at any time and from time to time any or all of such expenses, add the amount of such payment to the amount of the Indebtedness, and charge interest thereon at the rate specified herein with respect to the principal amount of this Note.

The security rights of Holder and its assigns hereunder shall not be impaired by Holder's sale, hypothecation or rehypothecation of any note of the undersigned or any item of the Collateral, or by any indulgence, including but not limited to (a) any renewal, extension, or modification which Holder may grant with respect to the Indebtedness or any part thereof, or (b) any surrender, compromise, release, renewal, extension, exchange, or substitution which Holder may grant in respect of the Collateral, or (c) any indulgence granted in respect of any endorser, guarantor, or surety. The purchaser, assignee, transferee, or pledgee of this Note, the Collateral, any guaranty, and any other document (or any of them), sold, assigned, transferred, pledged, or repledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note and all applications of the undersigned to Holder or SBA, as if said purchaser, assignee, transferee, or pledgee were originally named as Payee in this Note and in said application or applications.

This promissory note is given to secure a loan which SBA is making or in which it is participating and, pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d)), this instrument is to be construed and (when SBA is the Holder or a party) in interest) enforced in accordance with applicable Federal law.

The undersigned understands and agrees that it is mandatory that all receipts, records, and such other evidence as is necessary and satisfactory to Small Business Administration be retained for one year from the date of the final disbursement on said note, which evidence shall indicate that the funds received have been used as directed by the authorization. Failure to furnish such evidence when requested shall raise a presumption that the proceeds of the loan have been wrongfully misapplied.

The undersigned understands and agrees that in the event he wrongfully  misapplies the proceeds of the loan obtained, he shall be civilly liable to the Administration in an amount equal to one and one half (1½) times the original principle amount of the loan. It is understood that the term "indebtedness" as defined above shall include this amount, if imposed by the Administration

**NOTICE OF RIGHT OF RESCISSION**

You have a legal right under Federal Law to cancel this transaction, if you desire
to do so, with out any penalty or obligation within three (3) business days from date
of this note.

No finance charge has been made for this transaction.

STATE OF TEXAS
COUNTY OF _Cameron_

Subscribed to and sworn before me this
_15a_ day of _July_ , 19 _80_ .

_Lum Coronell_
NOTARY

My commission expires on _July 31_ ,
19 _84_ .

Old Chap, Inc.

By: _Clyde J. Hebert_
Clyde J. Hebert, President

ATTEST: _Ralph A. Flores_
Ralph A. Flores, Secretary

Dated this _____ day of ___JUL 1 5 1980___ 19 _____.

Note.—Corporate applicants must execute Note, in corporate name, by duly authorized officer, and seal must be affixed and duly attested; partnership applicants must execute Note in firm name, together with signature of a general partner.

SBA FORM 147 B (5-77)

**EXHIBIT A**

PAGE 2

Official No. 582401

# This ~~First~~ Preferred Mortgage, on the vessel(s) "_____ MISS CONNIE _____"

dated _____ JUL 1 5 1980 _____ 19_____

Amount of Mortgage $ 65,000.00 _____

Maturity Date _____ JUL 1 5 1990 _____ 19_____

and made by _____ Old Chap, Inc. Star route, Box 15, Brownsville, TX 78521 _____

(hereinafter called "Owner") to _____ Small Business Administration, an agency and instrumentality of the United States Government; having a District Office at 222 E. Van Buren, Harlingen, Texas _____ (hereinafter called "Mortgagee"),

Zone of: CORPUS CHRISTI, TEXAS
Port of: Brownsville, Texas    JUL 23 1980
Received for record
Time 11:37 A.M.
Recorded in Book

## WITNESSETH:

WHEREAS, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel mortgaged hereunder, the term "vessel" means each such vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by promissory note dated _____ JUL 1 5 1980 _____ 19_____, in with interest at 7 3/8% per annum the principal amount of $ 65,000.00 _____ payable to the order of Mortgagee as follows:

$ 786.00 _____, including principal and interest, payable monthly, beginning five _____ (5) months from the date of Note and $ 786.00 _____ on the same date of each succeeding calendar month thereafter until paid in full, provided that all principal and interest not sooner paid shall become due and payable ten _____ (10) years from the date of the Note; and each said installment payment, when received, shall be applied by the holder hereof, first to interest accrued to the date of receipt of said payment, and the balance, if any, on account of the principal hereof,

and has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof,

NOW, THEREFORE, in consideration of the premises and for other good and valuable considerations, receipt of all of which is hereby acknowledged, and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the _____ Oil Screw _____ (Type of Vessel) named below and further described in her ~~(check)~~ last marine document(s) issued and identified as follows:

| Name | Home Port | Official Number | Gross Tons | Net Tons |
|------|-----------|-----------------|------------|----------|
| MISS CONNIE | Brownsville, TX | 582401 | 101 | 68 |

| Enrollment Number | Place Issued | Date Issued |
|-------------------|--------------|-------------|
| P.E. No. 64 | Brownsville, TX | May, 10, 1977 |

together with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "vessel" herein, and said document(s) being deemed included herein by reference;

TO HAVE AND TO HOLD all and singular the above described vessel unto Mortgagee, its successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect.

Nothing herein shall be deemed or construed to subject to the lien hereof any property other than a vessel as the term is used in the Ship Mortgage Act, 1920.

Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

## ARTICLE I.—Particular Covenants of Owner

Owner covenants as follows:

1. Owner is and shall continue to be a citizen of the United States entitled to own and operate the vessel under her marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of the good faith affidavit filed herewith and of said note has been duly taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of _____ Texas _____ and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2. Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may hereinbelow be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee and/or any assignee of this Mortgage any claim of Owner against Mortgagee and/or assignee under any past or future transaction.

3. Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, tower's liability risks if the vessel performs towage, employees' compensation and/or other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgagee for account of Mortgagee and Owner as their respective interests may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify, and shall request underwriters to agree reasonably in advance to notify, Mortgagee of any cancellation or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefor have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach of warranty or otherwise.

4. Owner shall comply with and not permit the vessel to be operated contrary to any provision of the laws, treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department or agency thereof, nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to establish and maintain this Mortgage as a First Preferred Mortgage on said vessel.

**EXHIBIT B**

5. Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create, incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6. Owner shall place and keep prominently in the pilot house (if any), chart room or Master's cabin or elsewhere on the vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee, and shall keep a proper copy hereof with the ship's papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7. Owner shall pay when due all taxes, assessments, governmental charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon the vessel. Owner shall at its (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8. If the vessel shall be libeled, attached, detained, seized or levied upon or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter, and forthwith discharge or release the vessel therefrom, and in any event within fifteen (15) days after such libel, attachment, detention, seizure, levy or taking into custody.

9. Owner shall at all times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owner's related accounts and records; and shall certify quarterly and, if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to a lien upon the vessel have been paid.

10. Owner shall not, without the prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor, if a corporation, merge or consolidate with any other person, firm or corporation, or dissolve.

11. From time to time Owner shall execute and deliver such other and further instruments and assurance as in the opinion of Mortgagee's counsel may be required to subject the vessel more effectually to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided in paragraph (C) of Section 1 of Article II.

## ARTICLE II. — *Default*

1. In any one or more of the following events, herein termed "events of default," viz.:

(a) Default in the punctual payment of the principal of the note secured hereby or any instalment thereof, or in the due and punctual performance of any provision of Sections 3, 4, 5, 6, 8 and 10 of Article I hereof, or attempt to violate Sections 4 or 10 of Article I hereof, or default continuing for fifteen (15) days in the performance of any other covenant herein; or

(b) Commission of an act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law; or appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset-liability ratio, or earnings, or through prospective violation of any provision of this Mortgage, Mortgagee is in danger of losing said debt, or any part thereof, by delaying collection thereof until the time above limited for the payment thereof;

then, and in every such case, Mortgagee may:

* (A) Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable forthwith, after which they shall bear interest at the rate of 10% per annum;

(B) Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder, and/or collect all earned charter hire and freight monies relating to services performed by the vessel, Owner hereby assigning to Mortgagee such earned charter hire and freight monies then owing; and/or

(C) Retake the vessel without legal process at any time wherever the same may be, and, without being responsible for loss or damage, hold and in Owner's name lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at Owner's premises or elsewhere at Owner's expense; and/or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by law; to the extent permitted by law, such sale may be public or private, without notice, without having the vessel present, and/or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus sold.

2. In the event that the vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of Owner or of Mortgagee, to receive or to take possession thereof, and to defend any action and/or discharge any lien.

3. Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and powers to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4. The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the vessel by Mortgagee, of any claim for damages, of any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST: To the payment of all attorney's fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under the note secured hereby, with interest on all such amounts at the rate of 10% per annum; and to provide adequate indemnity against any liens for which priority over this Mortgage is claimed;

SECOND: To the payment of all interest, to date of payment, on the note and any or all other sums secured hereby, and as to any balance of such proceeds, to the payment next of any or all matured instalments of principal and then of any or all unmatured instalments of principal in the inverse order of their maturity.

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

5. All advances and expenditures which Mortgagee in its discretion may make for repairs, insurance, payment of liens or other claims, defense of suits, or for any other purpose whatsoever related hereto or to said note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest at 10% per annum, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation or default with respect thereto.

**EXHIBIT B**

**ARTICLE III. — *Possession Until Default***

Until one or more of the events of default hereinbefore described, Owner shall be permitted to retain actual possession and use of the vessel.

**ARTICLE IV. — *Sundry Provisions***

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or his successors and assigns, and shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignment hereof, any reference herein to "Mortgagee" shall be deemed to refer to the assignee. If more than one person is the Owner herein, "his" shall mean "their."

FUTURE ADVANCES   This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future advances made by the holder of said note to the mortgagor; and said mortgage shall remain in full force and effect to secure all future advances and all renewals or extentions of the above described note.

IN WITNESS WHEREOF, on the day and year first above written, Owner has executed this Mortgage or, if a corporation, has caused this Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized.

ATTEST:                                                        Old Chap, Inc.

_____              By: _____
Ralph A. Flores, Secretary                               Clyde Joseph Hebert, President

## ACKNOWLEDGMENT

State of Texas

County of Cameron

Before me, the undersigned authority, on this day personally appeared   Clyde Joseph Hebert   , President of   Old Chap, Inc.   , known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated as the act and deed of said Corporation.

Given under my hand and seal of office this   15th   day of _____July_____ , A. D. 19 80 .

_____
Luis Colonell
July 31, 1984

## AFFIDAVIT AS TO GOOD FAITH, LIENS, ETC.

STATE OF   TEXAS   , COUNTY OF   Cameron   ss.:

Clyde Joseph Hebert
being (severally) duly sworn, depose(s) and say(s) that   he is (the owner) the
{individual Mortgagor}
President   of   Old Chap, Inc.   , the corporation) described in and who (which) executed the foregoing mortgage; and that the said mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditors of the Mortgagor or any lienor of the mortgaged vessel(s). There are no liens, encumbrances, charges or mortgages outstanding against said vessel, other than the lien of the foregoing mortgage.

If Mortgagor is a corporation, this affidavit is made pursuant to authority of its Board of Directors.

Subscribed and sworn to before me this   15th
day of _____July_____ , 19 80          _____
           (SEAL)                                                   Clyde Joseph Hebert

_____
Luis Colonell
(Notary Public)
July 31, 1984                                          Signature(s) of Affiant(s)

OATH OF CITIZENSHIP OF PROPER OFFICER OF MORTGAGEE IS FILED
SIMULTANEOUSLY WITH PRESENTATION OF THIS MORTGAGE FOR RECORDING.

**EXHIBIT B**

MODIFICATION OF PREFERRED MORTGAGE

WHEREAS, the undersigned (hereinafter called "Owner"), on __July 15,__, 19 80, executed a Preferred Mortgage to Small Business Administration, an agency and instrumentality of the United States Government (hereinafter called "Mortgagee"), on the vessel "__MISS CONNIE__", Official No. _582401_, in the amount of $_65,000.00_, with a Maturity Date of ___July 15,___, 19 80, which Mortgage was given to secure payment of a promissory note dated __July 15,__, 19 80, in the principal amount of $_65,000.00_, bearing interest at the rate of 7 3/8% per annum, payable to the order of Mortgagee as follows:

$_786.00_, including principal and interest, payable monthly, beginning ____five____ ( 5 ) months from the date of Note and $_786.00_, on the same date of each succeeding calendar month thereafter until paid in full, provided that all principal and interest not sooner paid shall become due and payable __ten__ ( 10) years from the date of the Note; and each said installment payment, when received, shall be applied by the holder hereof, first to  interest accrued to the date of receipt of said payment, and the balance, if any, on account of the principal hereof, which said Mortgage was received for record at the U. S. Coast Guard Documentation Office in ___Brownsville___, ___Texas___, on ___July 23,___ 19 80, at _11:32_ o'clock _A._ M., and recorded in Book No. _B-2-26_, Inst. No. _158_, reference to which recorded Mortgage is hereby made for all purposes.

WHEREAS, Owner has requested that Mortgagee modify the repayment terms of said note and the Maturity Date of said Mortgage, and whereas Mortgagee has agreed to said Modification and has modified the repayment terms of said note and the Maturity Date of said Mortgage as is hereinafter set forth, as is evidenced by the delivery of this instrument to Owner for execution and recordation.  The said note is modified as follows:

$_1,814.00_, including principal and interest, payable on the first day of August, September, October, November, December and January of each year beginning August 1, 1981, provided that all principal and interest not sooner paid shall become due and payable ____nine____ ( 9 ) years and ____five____ ( 5 ) months from the date of the Note.

The Maturity Date of said Mortgage is modified to be ___January 1,___, 19 90. All other terms and conditions of the said Note and Mortgage shall remain the same.

Zone of: CORPUS CHRISTI, TEXAS
Port of: Brownsville, Texas
Received for record ____ JAN 1 2 1981
time ___ 11:05 A. M.
recorded in Book No. B2-28 Inst. No. 51
by: ____ _Schutts_
By direction of Officer in Charge,
Marine Inspection, Corpus Christi, Texas

**EXHIBIT B**

IN WITNESS WHEREOF, on the _1st_ day of _Dec_, 1980, Owner has executed this Modification of Mortgage or, if a corporation, has caused this Modification of Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized.

ATTEST:                                OLD CHAP, INC.

_Ralph A. Flores_                      By: _Clyde J. Hebert_
Ralph A. Flores, Secretary             Clyde Joseph Hebert, President


ACKNOWLEDGMENT

State of   Texas        )
County of  Cameron      )

Before me, the undersigned authority, on this day personally appeared _Clyde Joseph Hebert_, President of. _Old Chap, Inc._, known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated as the act and deed of said Corporation.

Given under my hand and seal of office this _1st_ day of _December_, A. D. 19_80_.

_R. A. Flores_
R. A. Flores
Notary Public in and for CAMERON COUNTY, TEXAS
My Commission expires _9-30-84_.


AFFIDAVIT AS TO GOOD FAITH, LIENS, ETC.

STATE OF _TEXAS_, COUNTY OF _CAMERON_, ss.:
_Clyde Joseph Hebert_
being duly sworn, depose(s) and say(s) that he is the _President_
of _Old Chap, Inc._, the corporation described in and which executed the foregoing Modification of Mortgage; and that the said Modification of Mortgage is made in good faith and without and design to hinder, delay, or defraud any existing or future creditors of the Mortgagor or any lienor of the mortgaged vessel. There are no liens, encumbrances, charges or mortgages outstanding against said vessel, other than the lien of the mortgage described in the foregoing Modification of Mortgage.

If Mortgagor is a corporation, this affidavit is made pursuant to authority of its Board of Directors.

Subscribed and sworn to before me this _1st_
day of _December_, 19_80_      _Clyde J. Hebert_
            (SEAL)                Clyde Joseph Hebert

_R. A. Flores_
          (Notary Public)

R. A. Flores
Notary Public in and for CAMERON COUNTY, TEXAS
My Commission expires _9-30-84_.

**EXHIBIT B**



| SBA LOAN NO. |
|---|
| EIDL 427 528 2003 HAR |

## SMALL BUSINESS ADMINISTRATION (SBA)

### GUARANTY

*Virginia - Rivera &*

✓ May 27, 1982

In order to induce Small Business Adminis‑‑‑‑‑‑‑‑‑‑‑ tration (hereinafter called "Lender") to permit Cowboy Trawlers, Inc. to Assume (SBA or other Lending Institution) xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx a loan made by SBA or other Business Administration to Old Chap, Inc. in the amount of $65,000.00 xxxxxxxxxxxxxxxxxxxxxxxxxxxxx the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Old Chap, Inc. xxxxxx made by it to Lender, dated 7-15-80 in the principal amount of $65,000 with interest at the rate of 7 3/8 per cent per annum. Such note, and the interest thereon and all other sums payable with respect thereto are hereinafter collectively called "Liabilities." As security for the performance of this guaranty the Undersigned hereby mortgages, pledges, assigns, transfers and delivers to Lender certain collateral (if any), listed in the schedule on the reverse side hereof. The term "collateral" as used herein shall mean any funds, guaranties; agreements or other property or rights or interests of any nature whatsoever, or the proceeds thereof, which may have been, are, or hereafter may be, mortgaged, pledged, assigned, transferred or delivered directly or indirectly by or on behalf of * or the Undersigned or any other party to Lender or to the holder of the aforesaid note of *, or which may have been, are, or hereafter may be held by any party as trustee or otherwise, as security, whether immediate or underlying, for the performance of this guaranty or for the payment of the Liabilities or any of them or any security therefor.
*Old Chap, Inc. *Old Chap, Inc. or Cowboy Trawlers,
The Undersigned waives any notice of the incurring of * at any time of any of the Liabilities and waives any and all presentment, demand, protest or notice of dishonor, nonpayment, or other default with respect to any of the Liabilities and any obligation of any party at any time comprised in the collateral. The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned, but subject to the provisions of any agreement between * or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:
*Old Chap, Inc., *Old Chap, Inc.

(a) To modify or otherwise change any terms of all or any part of the Liabilities or the rate of interest thereon (but not to increase the principal amount of the note of * to Lender), to grant any extension or renewal thereof and any other indulgence with respect thereto, and to effect any release, compromise or settlement with respect thereto;
*Old Chap, Inc.

(b) To enter into any agreement of forbearance with respect to all or any part of the Liabilities, or with respect to all or any part of the collateral, and to change the terms of any such agreement;

(c) To forbear from calling for additional collateral to secure any of the Liabilities or to secure any obligation comprised in the collateral;

(d) To consent to the substitution, exchange, or release of all or any part of the collateral, whether or not the collateral, if any, received by Lender upon any such substitution, exchange, or release shall be of the same or of a different character or value than the collateral surrendered by Lender;

(e) In the event of the nonpayment when due, whether by acceleration or otherwise, of any of the Liabilities, or in the event of default in the performance of any obligation comprised in the collateral, to realize on the collateral or any part thereof, as a whole or in such parcels or subdivided interests as Lender may elect, at any public or private sale or sales, for cash or on credit or for future delivery, without demand, advertisement or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law), or by foreclosure or otherwise, or to forbear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper, and to purchase all or any part of the collateral for its own account at any such sale or foreclosure, such powers to be exercised only to the extent permitted by law.

The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers. *Old Chap, Inc. or
*Old Chap, Inc. or Cowboy Trawlers, Inc. Cowboy Trawlers, Inc.
In case * shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned, immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by * as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such demand on, or payment by, the Undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against * or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. The Undersigned shall have no right of subrogation whatsoever with respect to the Liabilities or the collateral unless and until Lender shall have received full payment of all the Liabilities. *Old Chap, Inc. or
Cowboy Trawlers, Inc.

The obligations of the Undersigned hereunder, and the rights of Lender in the collateral, shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights against Lender; by reason of the fact that any of the collateral may be in default at the time of acceptance thereof by Lender or later; nor by reason of the fact that a valid lien in any of the collateral may not be conveyed to, or created in favor of, Lender; nor by reason of the fact that any of the collateral may be subject to equities or defenses or claims in favor of others or may be invalid or defective in any way; nor by reason of the fact that any of the Liabilities may be invalid for any reason whatsoever; nor by reason of the fact that the value of any of the collateral, or the financial condition of * or of any obligor under or guarantor of any of the collateral, may not have been correctly estimated or may have changed or may hereafter change; nor by reason of any deterioration, waste, or loss by fire, theft, or otherwise of any of the collateral, unless such deterioration, waste, or loss be caused by the willful act or willful failure to act of Lender.
*Old Chap, Inc. or Cowboy Trawlers, Inc.
The Undersigned agrees to furnish Lender, or the holder of the aforesaid note of * upon demand, but not more often than semiannually, so long as any part of the indebtedness under such note remains unpaid, a financial statement setting forth, in reasonable detail, the assets, liabilities, and net worth of the Undersigned. *Old Chap, Inc.

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

The term "Undersigned" as used in this agreement shall mean the signer or signers of this agreement, and such signers, if more than one, shall be jointly and severally liable hereunder. The Undersigned further agrees that all liability hereunder shall continue notwithstanding the incapacity, lack of authority, death, or disability of any one or more of the Undersigned, and that any failure by Lender or its assigns to file or enforce a claim against the estate of any of the Undersigned shall not operate to release any other of the Undersigned from liability hereunder. The failure of any other person to sign this guaranty shall not release or affect the liability of any signer hereof.

Martin Rivera

Maria E. Rivera

NOTE.—Corporate guarantors must execute guaranty in corporate name, by duly authorized officer, and seal must be affixed and duly attested; partnership guarantors must execute guaranty in firm name, together with signature of a general partner. Formally executed guaranty is to be delivered at the time of disbursement of loan.

**(LIST ON REVERSE SIDE COLLATERAL SECURING THE GUARANTY)**

**EXHIBIT C**

Page 1 of 2

AGREEMENT FOR ASSUMPTION
OF INDEBTEDNESS

STATE: TEXAS

COUNTY: CAMERON

LOAN NO. EIDL 427 528 2003 HAR

THIS AGREEMENT, made this _____26th_____ day of _____May_____, _____1982_____.

WITNESSETH:

WHEREAS, the Small Business Administration, an agency and instrumentality of the United

States of America XXX _____

(hereinafter called "Lender"), is the owner and holder of certain instruments excuted by

Old Chap. Inc. _____

(hereinafter designated "Transferor", whether one or more), said instruments being

identified as follows:

| PROMISSORY NOTE | SECURITY INSTRUMENT |
|---|---|
| Date:   July 15, 1980 | Type: Preferred Mortgage on the Vessel "MISS CONNIE", Official No. 582401 |
| Amount: $ 65,000.00 | Date: July 15, 1980 |
|  | Registry: U.S. Coast Guard Documentation Office, Brownsville, Texas, on July 23, 1980, Recorded in Bk #B-2-26, Inst. #158 |
| WHEREAS,   Cowboy Trawlers, Inc. |  |

(hereinafter
designated as "Transferee" whether one or more), by a certain conveyance executed by the
Transferor, has acquired the property covered by the above-described Security Instruments,
said conveyance being subject to the lien created in said instrument;

NOW, THEREFORE, in consideration of the conveyance of said property to the Transferee and
the consent of Lender to said conveyance, it is hereby agreed as follows:

1. Transferee hereby assumes payment of the unpaid balance of said Note and said indebted-
   ness now held by the Lender;

2. Transferee agrees that payment of the indebtedness shall be in accordance with the
   terms and conditions of the Promissory Note evidencing the indebtedness, any out-
   standing agreements of Transferor pertinent thereto, and the Security Instrument(s),
   and the Transferee hereby assumes liability for, agrees to comply with, to be bound
   by, and to perform all covenants and conditions contained in, all of said instruments
   as if the Transferee had executed such instruments as of the dates thereof as the
   principal obligor, except to the extent that such instrument(s) evidencing indebted-
   ness, agreements pertaining thereto and security instrument(s) are superseded by
   instruments executed by the Transferee simultaneously with or subsequent to the date
   of the execution of this agreement;

3. The Lender hereby consents to conveyance of the above-mentioned property from the
   Transferor to the Transferee and agrees that upon payment in full to Lender or its
   assigns of the obligations herewith assumed by the Transferee, together with interest
   and any other amounts which may have become owing to Lender under the terms of the
   above-described Security Instrument or any modifications thereof, the Lender shall
   execute such instruments as may be necessary to permit the said property to be
   released from the lien of said instrument(s).

Zone of: CORPUS CHRISTI, TEXAS
Port of: Brownsville, Texas

Received for record_____ MAY 27 1982

Time____4:08 P___M.

Recorded in Book No. B-2-29 Inst. No. 163

DAL VI FORM 57 (4-1976) PREVIOUS EDITIONS ARE OBSOLETE.                    (F.P. V)
REF:  SOP 50-50 By:_____

By direction of Officer In Charge,
Marine Inspection, Corpus Christi, Texas

EXHIBIT D

Page 2 of 2

IT IS AGREED AND UNDERSTOOD that assumption of this indebtedness by the Transferee does not relieve the Transferor from personal liability for payment of the indebtedness referred to herein.

AGREED TO:

TRANSFEROR:                                    TRANSFEREE:
Old Chap, Inc.                                 Cowboy Trawlers, Inc.
BY: _____                          BY: _____
   Clyde J. Hebert , President                    Martin Rivera, President
ttest: _____                       Attest: _____
   Ralph A. Flores, Secretary                     Maria E. Rivera, Secretary

LENDER:

Small Business Administration

BY: _____
   Lupe Gonzales
   Acting Supervisory Loan Officer,
   Portfolio Management Division

ACKNOWLEDGEMENTS

State of    TEXAS          )
                          ) s.s.
County of   CAMERON        )

    BEFORE ME, the undersigned authority, on this day personally appeared
Clyde J. Hebert,
known to me to be the person whose name is subscribed to the foregoing instru-
ment and acknowledged to me that he executed the same for the purposes and
consideration therein expressed and in the capacity therein stated as the act
and deed of   Old Chap, Inc.

    GIVEN under my hand and seal of office, this the 27th day of May,
A.D., 19 82 .

                              _____
                              Notary Public in and for Cameron
                              County, State of Texas

                              Margarita L. de Marroquin
                              Notary Public in and for CAMERON COUNTY, TEXAS
                              My Commission Expires December 31, 1984

State of  TEXAS            )
                          ) s.s.
County of CAMERON          )

    BEFORE ME, the undersigned authority, on this day personally appeared
Martin Rivera,
known to me to be the person whose name is subscribed to the foregoing instru-
ment and acknowledged to me that he executed the same for the purposes and
consideration therein expressed and in the capacity therein stated as the act
and deed of   Cowboy Trawlers, Inc.

    GIVEN under my hand and seal of office, this the 27th day of May,
A.D., 19 82 .

                              _____
                              Notary Public in and for Cameron
                              County, State of Texas

                              Margarita L. de Marroquin
                              Notary Public in and for CAMERON COUNTY, TEXAS
                              My Commission Expires December 31, 1984

STATE OF TEXAS
COUNTY OF CAMERON

    BEFORE ME, the undersigned authority, on this day personally appeared
Lupe Gonzales     , known to me to be Supervisory Loan Officer, Portfolio Management
Division, Lower Rio Grande Valley District Office, of the Small Business Administration
and the person whose name is subscribed to the foregoing instrument, and he acknowledged
to me that the same was the act of the Small Business Administration and that he exe-
cuted the same as the free act and deed of the Small Business Administration for the
purposes and consideration therein expressed and in the capacity therein stated.

    GIVEN under my hand and seal of office this 26th day of May, 1982.

                              _____
                              _____

**EXHIBIT D**

# ORIGINAL

MODIFICATION OF PREFERRED MORTGAGE

WHEREAS, the undersigned (hereinafter called "Owner"), on July 15, 1980,

executed a Preferred Mortgage to Small Business Administration, an agency

and instrumentality of the United States Government (hereinafter called

"Mortgagee"), on the vessel "Dallas Cowboys (Ex Miss Connie)", Official No.

582401, in the amount of $65,000.00, with a Maturity Date of July 15, 1990

which Mortgage was given to secure payment of a promissory note dated July

15, 1980, in the principal amount of $65,000.00, bearing interest at the

rate of 7 3/8% per annum, payable to the order of Mortgagee as follows:

> $786.00, including principal and interest, payable monthly,
>
> beginning Five(5) months from the date of Note and $786.00, on
>
> the same date of each succeeding calendar month thereafter
>
> until paid in full, provided that all principal and interest
>
> not sooner paid shall become due and payable Ten(10) years from
>
> the date of the Note; and each said installment payment, when
>
> received, shall be applied by the holder hereof, first to
>
> interest accrued to the date of receipt of said payment, and
>
> the balance, if any, on account of the principal hereof, which
>
> said Mortgage was received for record at the U. S. Coast Guard
>
> Documentation Office in Brownsville, Texas, on July 23, 1980, at 11:32
>
> o'clock A.M., and recorded in Book No. B-2-26, Inst. No. 158, reference
>
> to which recorded Mortgage is hereby made for all purposes.

WHEREAS, Owner has requested that Mortgagee modify the repayment terms of

said note and the Maturity Date of said Mortgage, and whereas Mortgagee has

agreed to said Modification and has modified the repayment terms of said

note and the Maturity Date of said Mortgage as is hereinafter set forth, as

is evidenced by the delivery of this instrument to Owner for execution and

recordation.  The said note is modified as follows:

> $750.00, including principal and interest, payable on the first day of
>
> August, September, October, November, December and January of each
>
> year beginning August 1, 1986, provided that all principal and interest
>
> not sooner paid shall become due and payable Twenty Five (25) years and
>
> from thee date of the Note.
>
> The Maturity Date of said Mortgage is modified to be July 1, 2005.
>
> All other terms and conditions of the said Note and Mortgage shall
>
> remain the same.

**EXHIBIT D**

IN WITNESS WHEREOF, on the ___30th___ day of ___May___, 1986, Owner has executed this Modification of Mortgage or, if a corporation, has caused this Modification of Mortgage to be executed in its name.

ATTEST:                                         Cowboy Trawlers, Inc.

_/Maria E. Rivera_                              BY: _Martin Rivera_

Maria E. Rivera, Secretary                      , Martin Rivera, President

SMALL BUSINESS ADMINISTRATION

BY _Lupe Gonzales_

   Lupe Gonzales, Chief

   Portfolio Management Division

STATE OF TEXAS

COUNTY OF CAMERON

     Before me, the undersigned authority, on this day personally appeared ___Martin Rivera___, President of Cowboy Trawlers, Inc., known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated as the act and deed of said Corporation.

     Given under my hand and seal of office this ___30th___ day of ___May___, A.D., 1986.

                              _Julius Pequeno_
                              Julius Pequeno
                              Notary Public for the State of Texas
                              My commission expires      9-17-86
                    AFFIDAVIT AS TO GOOD FAITH, LIENS, ETC.

STATE OF ___TEXAS___, County of ___CAMERON___, ss.:

_____Martin Rivera_____

being duly sworn, depose(s) and say (s) that he is the President of Cowboy Trawlers, Inc., the corporation described in and which executed the foregoing Modification of Mortgagee; and that the said Modification of Mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditors of the Mortgagor or any lienor of the mortgaged vessel.

     If Mortgagor is a corporation, this affidavit is made pursuant to authority of its Board of Directors.

Subscribed and sworn to before me this ___30th___ day of ___May___, 1986.

                              _Martin Rivera_

                              Martin Rivera, President

_Julius Pequeno_
Julius Pequeno
(Notary Public), State of Texas
My commission expires. 9-17-86

**EXHIBIT D**

STATE OF TEXAS

COUNTY OF CAMERON

    Before me, the undersigned authority, A Notary Public in and for said State, on this day personally appeared Lupe Gonzales known to me to be Chief, Portfolio Management Division, of the Small Business Administration and the person whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the Small Business Administration for the purposes and consideration therein expressed and in the capacity therein stated.

    Given under my hand and seal of office this the 6th day of June, 1986.

                         _____

                  Notary Public for the State of Texas

                  Alma Quintanilla, Notary Public
                  For The State of Texas
                  My Commission Expires 3/27/87

**EXHIBIT D**

MODIFICATION OF PROMISSORY NOTE

Re: EIDL 427 528 2003

_____ Cowboy Trawlers, Inc. _____

_____

_____

WHEREAS, heretofore and under date of ___July 15_____, 19 80 .

___Old Chap. Inc. which was subsequently assumed by Country Boy Trawlers, Inc.___

(hereinafter called "Borrower"), made, executed and delivered to ___Small_____

___Business Administration_____, one certain promissory note, in the original

principal amount of $ ___65,000.00_____, payable in ___monthly_____ installments of

$ __786.00___ each, ___with___ interest at the rate therein provided, final maturity

of said Note being ___July 15, 1980_____; and, whereas the note was previously modified
to provide for monthly installments of $1,814.00 payable on the 1st day of August, September, *
    WHEREAS, it is mutually desirable, beneficial, and agreeable to the parties hereto
that the repayment terms of said Note be modified as hereinafter set out;

    NOW, THEREFORE, in consideration of the mutual benefits inuring to each other, it
is understood and agreed, by and between the parties hereto, that the terms and conditions
of Borrower's Note, as above described, are hereby modified as follows:
1. The installment due for January 1986 is deferred to the maturity of the note.
1a. The maturity date of the note is extended to July 1, 2005.
2. The monthly installments are reduced to $750.00 beginning with the installment due
August 1, 1986.

    It is further understood and agreed that all other terms, conditions, and covenants
of the aforesaid Note, not otherwise modified hereby, shall be and remain the same, and
that this Agreement, when executed by the parties hereto, shall be attached to and become
a part of the original Note, and shall have the same force and effect as if the terms and
conditions hereof were originally incorporated in the Note, prior to its execution.

    IN WITNESS WHEREOF, this Agreement is executed by the undersigned parties as of the
___26 th___, day of ___February___, 19 _86_ .

*October, November, December and January of
each year beginning August 1, 1981, and the
maturity date was changed to January 1, 1990.            _____

ATTEST:                                         Cowboy Trawlers, Inc.
                                                              (Borrower)
___/ Maria E Rivera_____              BY: ___Martin Rivera_____
Secretary                                       Martin Rivera, Presid Borrower)

                                                ACCEPTED BY:

                                                SMALL BUSINESS ADMINISTRATION

                                                BY: ___Lupe Gonzales_____
                                                Lupe Gonzales, Chief Holder of Note)
                                                Portfolio Management Division

The undersigned endorsers, guarantors, and/or sureties on the above described Note hereby
join in and consent to the above Modification Agreement.

Dated this ___26 th___ day of ___February___, 19 _86_ .

                                                ___Martin Rivera_____
                                                Martin Rivera
                                                ___/ Maria E Rivera_____
                                                Maria E. Rivera

## NOTE ENDORSEMENT
### (SBA Loan Sale #3)

Loan No. EIDL 427 528 2003 HAR, Loan Pool No. 406
Obligor Name: Old Chap, Inc.

ENDORSEMENT OF NOTE dated July 15, 1980, including any assignments thereto and modifications thereof (the "Note")

FROM:   U.S. SMALL BUSINESS ADMINISTRATION ("Assignor").

Pay to the order of NC Venture I, L.P., a Delaware limited partnership ("Assignee"), without recourse and without representation or warranty, whether express, implied or created by operation of law.

Capitalized items used in this Endorsement but not defined in this Endorsement will have the meanings ascribed to them in that certain Loan Sale Agreement dated as of December 7, 2000 by and between Assignor and Assignee.

IN WITNESS WHEREOF, Assignor has caused this Endorsement to be executed and delivered by its duly authorized agent as of the 13th day of March, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

Witness

Brad A. Hrebenar
Its Attorney-In-Fact, pursuant to a Limited Power of Attorney dated December 21, 2000 and filed under County Clerk's No. FBC2001004620 on January 17, 2001 in Fort Bend County, TX

**EXHIBIT F**

After recording, please
return to:

NC Venture I, L. P.
12705 S. Kirkwood, Suite 218
Stafford, Texas 77477

## ASSIGNMENT OF LOAN DOCUMENTS
### (SBA Loan Sale #3)

THIS ASSIGNMENT OF LOAN DOCUMENTS (this "Assignment") is made by the U.S. SMALL BUSINESS ADMINISTRATION ("Assignor"), whose address is 490 Third Street, S. W., Washington, D.C. 20416, to NC VENTURE I, L.P., whose address is 12705 S. Kirkwood, Ste. 218, Stafford, TX 77477 ("Assignee"), pursuant to the terms of that certain Loan Sale Agreement dated as of December 7, 2000 (the "Sale Agreement") between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys, effective as of December 7, 2000, to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Sale Agreement, the following:

1. that certain Mortgage dated Assumption of Indebtedness dated May 26, 1982, by and between Small Business Administration and Old Chap, Inc., recorded in the Documentation office of Marine Inspection Office, on in Book No. B-2-29, Instrument No. 163

2. such other documents, agreements, instruments, and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

**EXHIBIT F**

**IN WITNESS WHEREOF,** Assignor has caused this Assignment to be executed and delivered by its duly authorized agent as of the 13th day of March, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

Witness

Brad A. Hrebenar
Its Attorney-In-Fact, pursuant to a Limited Power of Attorney dated December 21, 2001 and filed under County Clerk's No. FBC2001004620 on January 17, 2001 in Fort Bend County, Texas, to which reference may be made

Prepared by:

NC Venture I, L.P.
12705 S. Kirkwood, Suite 218
Stafford, TX 77477
Attn: Collateral Department

## ACKNOWLEDGMENT

STATE OF TEXAS               §
                             § ss:
COUNTY OF FORT BEND          §

Before me, the undersigned, a Notary Public, on this day personally appeared Brad A. Hrebenar who is personally well known to me (or sufficiently proven) to be an Attorney-in-Fact, by limited power of attorney referenced above, for the U.S. Small Business Administration and he acknowledged to me that he executed the same for the proposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 13th day of March, 2001.

Notary Public

My Commission Expires:_____

[SEAL]

TAMMIE K. BETHLEY
MY COMMISSION EXPIRES
NOVEMBER 2, 2004

**EXHIBIT F**

After recording, please
return to:

NC Venture I, L.P.
12705 S. Kirkwood, Suite 218
Stafford, Texas 77477



01-24    48
S. Hartman

## AMENDMENT OF ASSIGNMENT OF LOAN DOCUMENTS
### (SBA Loan Sale #3)

THIS ASSIGNMENT OF LOAN DOCUMENTS (this "Assignment") is made by the U.S. SMALL BUSINESS ADMINISTRATION ("Assignor"), whose address is 490 Third Street, S. W., Washington, D.C. 20416, to NC Venture I, L.P., whose address is set forth below ("Assignee"), pursuant to the terms of that certain Loan Sale Agreement dated as of December 7, 2000 (the "Sale Agreement") between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys, effective as of December 7, 2000, to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Sale Agreement, the following:

1.    that certain Preferred Mortgage of Vessel No. 582401, named "MISS CONNIE", dated July 15, 1980, in the amount of $65,000.00, by and between Old Chap, Inc., and Small Business Corporation, and recorded on July 23, 1980, in Book B-2-26, Instrument No. 158, of the Documentation Office of Port of Brownsville, TX, Marine Inspection, Corpus Christi, TX, as amended or modified, which instrument secures that certain Note dated July 15, 1980, in the amount of $65,000.00; and

2.    that certain Modification of Preferred Mortgage of Vessel No. 582401, named "MISS CONNIE", dated December 1, 1980, and recorded on January 12, 1982, in Book B-2-28, Instrument No. 51, of the Documentation Office of Port of Brownsville, TX, Marine Inspection, Corpus Christi, TX, as amended or modified (the "Mortgage"), which instrument secures the Note dated July 15, 1980, in the amount of $65,000.00; and

3.    that certain Modification of Preferred Mortgage of Vessel No. 582401, named "MISS CONNIE", dated May 30, 1986, and recorded on June 12, 1986, in Book PM 136, Instrument No. 113, of the Documentation Office of the Eighth Coast Guard District Port of Houston, TX,, as amended or modified (the "Mortgage"), which instrument secures the Note dated July 15, 1980, int he amount of $65,000.00; and

4.    such other documents, agreements, instruments, and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

**EXHIBIT F**

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized agent as of the 13th day of March, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

Witness

Brad A. Hrebenar
Its Attorney-In-Fact, pursuant to a Limited Power of Attorney dated December 21, 2000 and filed under County Clerk's No. FBC20014620 on January 17, 2001 in Fort Bend County, Texas, to which reference may be made

Prepared by:

NC Venture I, L.P.
12705 S. Kirkwood, Suite 218
Stafford, TX 77477
Attn: Collateral Department

## ACKNOWLEDGMENT

| STATE OF TEXAS | § |
| | § ss: |
| COUNTY OF FORT BEND | § |

Before me, the undersigned, a Notary Public, on this day personally appeared Brad A. Hrebenar who is personally well known to me (or sufficiently proven) to be an Attorney-in-Fact, by limited power of attorney referenced above, for the U.S. Small Business Administration and he acknowledged to me that he executed the same for the proposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 13th day of March, 2001

Notary Public

[SEAL]

TAMMIE K. BETHLEY
MY COMMISSION EXPIRES
NOVEMBER 2, 2004

My Commission Expires:_____

**EXHIBIT F**